IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JERMALL E. JOHNSON, | ) | |
|     Plaintiff | ) | C.A. No. 15-24 Erie |
| | ) | |
| v | ) | |
| | ) | Magistrate Judge Baxter |
| ERIE POLICE DEPARTMENT, et al., | ) | |
|     Defendants | ) | |

# OPINION AND ORDER[1]

United States Magistrate Judge Susan Paradise Baxter.

## I.    INTRODUCTION

### A.    Relevant Procedural and Factual History

On January 16, 2015, Plaintiff Jermall E. Johnson, an inmate incarcerated at the State Correctional Institution at Camp Hill, Pennsylvania, initiated this civil rights action by filing a *pro se* complaint, pursuant to 42 U.S.C. § 1983, against Defendants Erie Police Department ("EPD") and EPD Officer Steven Deluca ("Deluca"). In his *pro se* complaint, Plaintiff alleges that, on June 28, 2014, Defendant Deluca used excessive force against him in violation of his Fourth Amendment rights, and that Defendant EPD "failed to address" him after he filed a complaint against Defendant Deluca. As relief for his claims, Plaintiff seeks monetary damages and appropriate sanctions against Defendant Deluca.

---

[1] The parties have consented to having a United States Magistrate Judge exercise jurisdiction over this matter. [ECF Nos. 4, 11).

1

On June 17, 2015, Defendants filed a motion to dismiss [ECF No. 7], arguing that Plaintiff's claims against them should be dismissed in their entirety because they fail to state claims upon which relief may be granted. In response, Plaintiff filed a "motion of response in opposition," to which he attached an "affidavit of claim" which provides further details of his claims. [ECF No. 12 and 12-1, respectively]. In addition, Plaintiff filed a motion for summary judgment [ECF No. 14], to which Defendants filed a response [ECF No. 17]. This matter is now ripe for consideration.

**B.**     **Standards of Review**

   **1.**     **Motion to Dismiss**

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). A complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). See also Ashcroft v. Iqbal, 556 U.S. 662, 678 (May 18, 2009) (specifically applying Twombly analysis beyond the context of the Sherman Act).

The Court need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 555, citing Papasan v. Allain, 478 U.S. 265, 286 (1986). See also

McTernan v. City of York, Pennsylvania, 577 F.3d 521, 531 (3d Cir. 2009) ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). A Plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 556, citing 5 C.Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004). Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, 2008 WL 482469, at *1 (D.Del. February 19, 2008) quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips, 515 F.3d at 234, quoting Twombly, 550 U.S. at 556.

The Third Circuit subsequently expounded on the Twombly/Iqbal line of cases:

> To determine the sufficiency of a complaint under Twombly and Iqbal, we must take the following three steps:
>
> First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'

Burch v. Milberg Factors, Inc., 662 F.3d 212, 221 (3d Cir. 2011) quoting Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010).

## 2. **Summary Judgment**

Federal Rule of Civil Procedure 56(a) provides that summary judgment shall be granted if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Under Rule 56, the district court must enter summary judgment against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Summary judgment may be granted when no "reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (19896). "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex, 477 U.S. at 323 quoting Fed.R.Civ.P. 56.

The moving party has the initial burden of proving to the district court the absence of evidence supporting the non-moving party's claims. Celotex, 477 U.S. at 330. See also Andreoli v. Gates, 482 F.3d 641, 647 (3d Cir. 2007); UPMC Health System v. Metropolitan Life Ins. Co., 391 F.3d 497, 502 (3d Cir. 2004). When a non-moving party would have the burden of proof at trial, the moving party has no burden to negate the opponent's claim. Celotex, 477 U.S. at 323. The moving party need not produce any evidence showing the absence of a genuine issue of material fact. Id. at 325. "Instead, … the burden on the moving party may be discharged by 'showing' – that is, pointing out to the district court – that there is an absence of evidence to

4

support the nonmoving party's case." Id. After the moving party has satisfied this low burden, the nonmoving party must provide facts showing that there is a genuine issue for trial to avoid summary judgment. Id. at 324. "Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves." Id. See also Saldana v. Kmart Corp., 260 F.3d 228, 232 (3d Cir. 2001); Garcia v. Kimmell, 2010 WL 2089639, at * 1 (3d Cir. 2010) quoting Podobnik v. U.S. Postal Serv., 409 F.3d 584, 594 (3d Cir. 2005) (the non-moving party "must present more than just bare assertions, conclusory allegations or suspicions to show the existence of a genuine issue.").

In considering these evidentiary materials, "courts are required to view the facts and draw reasonable inferences in the light most favorable to the party opposing the summary judgment motion." Scott v. Harris, 550 U.S. 372, 378 (2007) (internal quotation marks and alterations omitted). See also Doe v. Cnty. of Centre, Pa., 242 F.3d 437, 446 (3d Cir. 2001) (when applying this standard, the court must examine the factual record and make reasonable inferences therefrom in the light most favorable to the party opposing summary judgment).

When considering a motion for summary judgment, the court is not permitted to weigh the evidence or to make credibility determinations, but is limited to deciding whether there are any disputed issues and, if there are, whether they are both genuine and material. Anderson., 477 U.S. at 248, 255 ("only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted."). In determining whether the dispute is genuine, the court's function is not to weigh the evidence or to determine the truth of the matter, but only

5

to determine whether the evidence of record is such that a reasonable jury could return a verdict for the nonmoving party. Id. at 249. The court may consider any evidence that would be admissible at trial in deciding the merits of a motion for summary judgment. Horta v. Sullivan, 4 F.3d 2, 8 (1st Cir. 1993).

### 3. *Pro Se* Pleadings

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" Haines v. Kerner, 404 U.S. 519, 520 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969) (Apetition prepared by a prisoner... may be inartfully drawn and should be read "with a measure of tolerance"); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir.1997) (overruled on other grounds). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996) (discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990) (same). Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

## II. Discussion

### A. Defendant EPD

Defendants assert that Defendant EPD should be dismissed from this action because Plaintiff's claims against said Defendant are based solely on its status as the employer of Defendant Deluca.

Municipal liability under §1983 requires the plaintiff to prove the existence of a policy or custom that resulted in a constitutional violation. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694-95 (1978). Here, Plaintiff has not so much as alleged the existence of a policy or custom of Defendant EPD that allegedly resulted in a constitutional violation. Furthermore, a policy, custom or practice cannot arise from one incident, i.e., the alleged excessive use of force against Plaintiff. See, e.g., Turner v. City of Philadelphia, 22 F.Supp.2d 434, 437 (E.D.Pa. 1998), quoting Oklahoma City v. Tuttle, 471 U.S. 808, 823-24 (1985) ("Absent unusual circumstances, 'proof of a single incident of unconstitutional activity is not sufficient to impose liability under Monell, unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy, which policy can be attributed to a municipal policymaker.'"). Thus, Plaintiff has failed to state a viable municipal liability claim against Defendant EPD and such claim will be dismissed accordingly.

### B. Defendant Deluca

Plaintiff alleges that, on June 28, 2014, outside of Cramer's Bar in Erie, Pennsylvania, Defendant Deluca kicked him in the abdomen/groin area, hit him under his left eyebrow with a flashlight, drew a gun on him, and addressed him in "a violent and profane manner." (ECF No. 3,

Complaint, at Section IV.C). It is apparent from these allegations that Plaintiff is claiming that Defendant Deluca used excessive force against him in violation of his Fourth Amendment rights.

Defendants seek to dismiss this claim because Plaintiff "fails to allege with sufficient specificity whether the actions of [Defendant Deluca] took place during an arrest, prior to an arrest, subsequent to an arrest, or independent of an arrest," and "[h]e fails to allege how he and [Defendant Deluca] came into contact and what he was doing even to attract the attention of the police." [ECF No. 7, Motion to Dismiss, at ¶5). Nonetheless, Defendants have attached to their motion a number of exhibits related to the incident at issue, which effectively supplement and provide context for Plaintiff's allegations. In particular, Defendants have attached a copy of a criminal complaint containing an affidavit of probable cause prepared and signed by Defendant Deluca, declaring that an altercation did occur between him and Plaintiff on June 28, 2014, at Cramer's Bar, during which "substantial force was used to stop [Plaintiff's] action and then to overcome his physical resistance." (ECF No. 7-1 at p. 6). Thus, Plaintiff's allegations are apparently sufficient enough to put Defendants on notice of the nature and origin of his claim against Defendant Deluca. Moreover, the allegations are minimally sufficient to state a Fourth Amendment claim of excessive use of force at this early stage of the proceedings. Consequently, Defendants' motion to dismiss Plaintiff's claim against Defendant Deluca will be denied.

That having been said, it is quite apparent from the conflicting accounts of the incident at issue contained in Defendant Deluca's criminal complaint [ECF No. 7-1] and Plaintiff's "Affidavit of Claim" [ECF No. 12-1] that there are genuine issues of material fact that preclude the entry of summary judgment at this early stage. Accordingly, Plaintiff's motion for summary

8

judgment will also be denied.

An appropriate Order follows.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JERMALL E. JOHNSON, | ) | |
| Plaintiff | ) | C.A. No. 15-24 Erie |
| | ) | |
| v | ) | |
| | ) | Magistrate Judge Baxter |
| ERIE POLICE DEPARTMENT, et al., | ) | |
| Defendants | ) | |

## ORDER

AND NOW, this 29th day of March, 2016,

IT IS HEREBY ORDERED that Defendants' motion to dismiss [ECF No. 7] is GRANTED as to Plaintiff's claim against Defendant EPD, but DENIED as to Plaintiff's claims against Defendant Deluca.

IT IS FURTHER ORDERED that Plaintiff's motion for summary judgment [ECF No. 14] is DENIED.

The Clerk is directed to terminate Defendant EPD from this case.

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge